# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Mark Douglas Jarrell, | Case No.: |
| Plaintiff, | |
| v. | |
| Soo Line Railroad Company, *d/b/a* Canadian Pacific Railway, a Minnesota Corporation; and Dakota, Minnesota & Eastern Railroad Corporation, a Delaware Corporation | **COMPLAINT** |
| Defendants. | |

Plaintiff, Mark Douglas Jarrell (hereinafter "Mark Jarrell"), by and through his undersigned attorney, Paula Jossart and the Jossart Law Office, LLC, brings this Complaint against Defendants Soo Line Railroad Company, *d/b/a* Canadian Pacific Railway, a Minnesota Corporation, (hereafter "Soo Line") and Dakota, Minnesota & Eastern Railroad Corporation, a Delaware Corporation, (hereafter "DM&E") (hereafter Soo Line and DM&E when referred to collectively, will be referred to as "the Defendant Railroad") states and alleges as follows:

## Parties

1.      That at the time of the incident giving rise to this lawsuit Plaintiff Mark Jarrell was a resident of the state of Iowa.

2.      That Plaintiff Mark Jarrell is currently a resident of the state of Kentucky.

3.     That at all material times, Defendant Soo Line was and is a Minnesota corporation duly organized and existing as a common carrier by rail in interstate commerce; with its principal office at 120 South Sixth Street, Minneapolis, Minnesota 55402; was and is operating in the State of Wisconsin; and its registered agent for service of process in the state of Wisconsin is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, WI 53703.

4.     That at all material times, Defendant DM&E was and is a Delaware corporation duly organized and existing as a common carrier by rail in interstate commerce; with its principal office at 120 South Sixth Street, Minneapolis, Minnesota 55402; was and is operating in the State of Wisconsin; and its registered agent for service of process in the state of Wisconsin is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, WI 53703.

5.     Upon information and belief, at the time of the incident giving rise to this lawsuit, Plaintiff Mark Jarrell was an employee of Defendant Soo Line and/or DM&E and/or Defendant Railroad, with both entities jointly operating under the various business names including, but not limited to, Canadian Pacific, Canadian Pacific Railway, CP Rail, CP Railway, CP.

6.     That at all time of the incident giving rise to this lawsuit, Plaintiff Mark Jarrell was engaged in his duties as a conductor/switchman/brakeman on behalf of the Defendant Railroad, which were and are common carriers by rail engaged in interstate commerce, and by reason thereof, the Defendant Railroad's liability is governed by the Federal Employers' Liability Act ("FELA"), 45 U.S. Code, Sections 51-60.

2

## Jurisdiction and Venue

7.    That jurisdiction of this Court is proper and is based on the FELA.

8.    That this action is timely filed, as less than three years has elapsed since the incident giving rise to this lawsuit occurred.

9.    That venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. §1391 because a substantial part of the events, acts, and/or omissions giving rise to the claim in this action occurred in this judicial district; that because the Defendant railroads conduct business in this judicial district and have sufficient contacts within this judicial district, this Court has personal jurisdiction over the Defendant Railroad.

## COUNT I: FEDERAL EMPLOYERS' LIABILITY ACT

10.    Each preceding paragraph is incorporated herein in its entirety by this reference.

11.    That approximately 5:50 a.m. on April 16, 2018, Plaintiff Mark Jarrell was working in the course and scope of his employment for Soo Line, DM&E and/or the Defendant Railroad when he was instructed to perform work at an unfamiliar industry where he attempted to dismount a locomotive at the Unimin Sand Facility at or near Tomah, Wisconsin. While he was in the process of dismounting the locomotive, his left leg struck an obstruction that had negligently been placed in that location to act as a close clearance marker causing him to lose balance and fall off the locomotive causing injury to his low back.

12.    Pursuant to the FELA the Defendant Railroad owed Mr. Jarrell a non-delegable duty to provide him with a reasonably safe place to work.

3

13.    Jarrell's injuries were caused or contributed to, in whole or in part, by the negligence of the Defendant Railroad, their agents, employees and/or officers, in violation of the FELA.  Such negligence includes, but is not limited to, the following:

a.    Failing to provide Mr. Jarrell with a reasonably safe place in which to work;

b.    Failing to provide Mr. Jarrell with a reasonably safe area to dismount the locomotive;

c.    Failing to provide reasonably safe methods of work;

d.    Failing to provide sufficient lighting;

e.    Negligently allowing the practice of getting on and off moving equipment;

f.    Failing to provide reasonable supervision;

g.    Allowing a tripping hazard to exist in the walkway;

h.    Failing to warn Mr. Jarrell of the close clearance marker in the walkway;

i.    Failing to properly post warning signs or other caution signals around the close clearance marker;

j.    Failing to provide safe procedures and accident prevention programs;

k.    Assigning Mr. Jarrell work which the Defendant Railroad knew or, in the exercise of reasonable care, should have known, would result in injury to;

l.    Failing to properly inspect an area it required its employees to work, and;

m.    Other acts of negligence.

14.    That due in whole or in part to the Defendant Railroad's aforementioned acts of negligence, Plaintiff Mark Jarrell sustained severe and disabling injuries to his low

back and other parts of his body which have required, and will require in the future, medical treatment.

15.     As a result of his injuries, Plaintiff Mark Jarrell has experienced in the past and will continue to experience into the future bodily, emotional, and mental pain and anguish, and loss of enjoyment of life.

16.     In an effort to treat, heal, and relieve his injuries, Plaintiff Mark Jarrell has incurred and will continue to incur expenses for future medical, hospital, and related care and treatment in an amount he is unable to accurately estimate or determine at this time.

17.     As a result of this incident and his injuries, Plaintiff Mark Jarrell has in the past and will in the future lose money, earnings, and benefits he otherwise would have been entitled and has otherwise suffered a loss of earning potential.

## COUNT II: WISCONSIN STATUTE 192.53 - STRICT LIABILITY

18.     Each preceding paragraph is incorporated herein in its entirety by this reference.

19.     That on the date of the incident giving rise to this lawsuit the Defendant Railroad violated Wisconsin Statute 192.53 in that they did not provide Mr. Jarrell safe and proper clearance between railroad tracks and walkways, giving rise to strict liability by virtue of 45 U.S.C. §53 and §54(a).

20.     That Wisconsin Statute 192.53 is a statute enacted for the safety of railroad employees engaged in switching within the meaning of 45 U.S.C. §53 and §54(a), and that Mr. Jarrell's injuries were caused, in whole or in part, by the Defendant Railroad's aforesaid statutory violation, giving rise to strict liability.

21.     That due in whole or in part to the Defendant Railroad's aforementioned statutory violations, Plaintiff Mark Jarrell sustained severe and disabling injuries to his low back and other parts of his body which have required, and will require in the future, medical treatment.

22.     As a result of his injuries, Plaintiff Mark Jarrell has experienced in the past and will continue to experience into the future bodily, emotional, and mental pain and anguish, and loss of enjoyment of life.

23.     In an effort to treat, heal, and relieve his injuries, Plaintiff Mark Jarrell has incurred and will continue to incur expenses for future medical, hospital, and related care and treatment in an amount he is unable to accurately estimate or determine at this time.

24.     As a result of this incident and his injuries, Plaintiff Mark Jarrell has in the past and will in the future lose money, earnings, and benefits he otherwise would have been entitled and has otherwise suffered a loss of earning potential.

**WHEREFORE**, Plaintiff Mark Jarrell demands that judgment be entered against the Defendant Railroad in an amount sufficient to fully compensate him for all damages and losses he has and will suffer, together with his disbursements, interest, costs of this suit, and for such other relief the Court deems appropriate.

6

**JURY TRIAL DEMANDED.**

**JOSSART LAW OFFICE, LLC**

Dated: 3/12/2021

Paula M. Jossart, MSBA #0295292
200 W. Highway 13
Suite 110
Burnsville, MN 55337
(952) 777-4277 – Telephone
(952) 777-4279 – Facsimile
pjossart@josartlaw.com
ATTORNEY FOR PLAINTIFF